ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

MICHAEL S. SAWYER, Senior Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-5134 || 202-305-0506 (fax)
Michael.Sawyer@usdoj.gov

*Attorneys for Federal Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NATIVE VILLAGE OF HOOPER BAY, *et al.*, | ) |
| Plaintiffs, | ) Case No. 3:25-cv-00316-SLG |
| v. | ) |
| DOUG BURGUM, in his official capacity as Secretary of the Interior, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' UNOPPOSED MOTION SEEKING LEAVE OF THE
OBLIGATION TO FILE AN ANSWER AND CONTINGENT JOINT MOTION
TO ADOPT PROPOSED CASE MANAGEMENT ORDER**

The Parties have jointly agreed on a negotiated expedited schedule in this case and two related cases[1] that challenge the Secretary of the Interior's October 2025 Decision to enter into and execute a land exchange agreement with the King Cove Corporation (KCC) concerning lands in the Izembek National Wildlife Refuge. The intent of this proposal is

---

[1] Similar motions are being filed simultaneously in the following two related cases: *Friends of Alaska National Wildlife Refuges v. Burgum,* Case No. 3:25-cv-00318-SLG, and *Defenders of Wildlife v. Burgum*, Case No. 3:25-cv-00319-SLG.

to set an expedited briefing schedule that will enable merits briefing to be completed before construction activity on the exchanged land is anticipated to begin (*i.e.*, late April/early May 2026), thereby decreasing the likelihood of the need for emergency motion practice.[2]

In order to enable this expedited case schedule, the Parties have reached a central compromise for the purposes of this case only: Federal Defendants have agreed to expedite service of the administrative record (provided that they are not required to answer); KCC will not authorize or begin road construction (excluding pre-construction environmental and engineering activities) prior to May 15, 2026, and will provide Plaintiffs timely notice of any invitation to bid for a road construction project[3]; and, in exchange, Plaintiffs have agreed not to oppose Defendants' motion to be relieved of the obligation to file an answer.[4] To implement this case management approach, this filing presents two motions: Defendants' Unopposed Motion Seeking Leave of the Obligation to File an Answer and the Parties' Contingent Joint Motion to Adopt Proposed Case Management Order.

---

[2] While KCC's counsel has asserted that late April/early May 2026 is a possible timeline for construction to commence, those timelines could shift depending on multiple factors. As possible construction timelines become more concrete, the Parties may need to request expedited consideration or seek additional emergency relief.

[3] KCC's counsel has informed the Parties that the Alaska Department of Transportation will likely be the entity permitting and constructing the proposed road. As such, an invitation to bid on the construction project is required by state law. *See* AS § 36.30.100(a). If KCC decides to undertake this construction project or delegates it to another entity, KCC agrees to notify the Plaintiffs at least 30 days before road construction is slated to begin.

[4] Plaintiffs have agreed to this because of the unique timing considerations in this case. This agreement should not be construed as precedent in any future cases.

## I. DEFENDANTS' UNOPPOSED MOTION SEEKING LEAVE OF THE OBLIGATION TO FILE AN ANSWER

In a typical case arising under the Administrative Procedure Act (APA) in this District, Defendants first answer within 60 days of being served, *see* Fed. R. Civ. P. 12(a)(2), and then file the administrative record 60 days after entering their appearance, *see* Local Civil Rule 16.3(b). In order to avoid emergency motion practice, Plaintiffs contacted Federal Defendants to see if Federal Defendants could expedite lodging of the administrative record. After examining their limited resources, Federal Defendants determined that they could do so only by shifting resources typically allocated to drafting answers to expedite preparation of the administrative record. Accordingly, Federal Defendants asked the other parties for their position on waiving the answer obligation: Plaintiffs do not oppose the request; and Defendant KCC joins in the motion.

Defendants respectfully submit that there are two reasons why the Court should grant Defendants' request to be relieved of the obligation to answer the Complaints. First, as a practical matter, Federal Defendants will be unable to serve and file administrative records by January 16, 2026, if they are required to answer the Complaints by their present deadlines of January 13, 2026 (in Case No. 3:25-cv-318), January 16, 2026 (in Case No. 3:25-cv-319) and February 9, 2026 (in Case No. 3:25-cv-316). Because the Complaints comprise 636 paragraphs of allegations that require substantial time to answer—and there are multiple intervening holidays between the filing of the Complaints on November 12, 2025, and the answer deadlines in January 2026—Federal Defendants cannot both answer

the Complaints and prepare administrative records by January 16, as a single Department of the Interior attorney is responsible for both tasks.

Second, foregoing the answer requirement in these APA cases will not prejudice any Party or the Court. Because the "administrative agency . . . is itself the finder of fact," a district "court is not required to resolve any facts in a review of an administrative proceeding." *Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 769–70 (9th Cir. 1985). Instead, "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.* at 769. Because this case will be resolved through legal briefs and oral argument—and not via a trial—sentence-by-sentence responses to the thousands of allegations in the Complaints are unnecessary to focus pretrial discovery.[5] For this reason, other districts that follow a similar three-brief approach to resolving APA challenges, *see* Local Civil Rule 16.3(c), dispense with the answer requirement by local rule. *E.g.*, D. Utah Local Civil Rule 7-4(b)(3)(A) ("The following responsive pleadings are not allowed: an answer."); D. Wyo. Local Civil Rule 83.6(a)(4) ("The responding party need not file an answer to the complaint/petition.").

---

[5] *Cf.* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1261 (4th ed. 2025) ("As has been noted in many judicial opinions, the theory of Rule 8(b) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail.").

*Native Village of Hooper Bay v. Burgum*,
Case No. 3:25-cv-00316-SLG

4

Case 3:25-cv-00316-SLG    Document 9    Filed 01/05/26    Page 4 of 7

## II. CONTINGENT JOINT MOTION TO ADOPT PROPOSED CASE MANAGEMENT ORDER

In order to reduce the likelihood of emergency motion practice, Plaintiffs and Defendant KCC respectfully move the Court to adopt the below case management order. Federal Defendants join in this motion, contingent upon the Court granting their unopposed motion to be relieved of answer obligations.

The proposed schedule is set out below:

1. **January 16, 2026** – Federal Defendants will serve and file the administrative record in accordance with Local Civil Rule 16.3(b).

    a. **January 28, 2026** – Plaintiffs will raise record concerns, if any, with Federal Defendants.

    b. **February 6, 2026** – Federal Defendants will respond to Plaintiffs' record concerns.[6]

2. **February 20, 2026** - Plaintiffs will file an opening summary judgment brief, as provided by Local Civil Rule 16.3(c).

3. **March 23, 2026** - Defendants will file a responsive summary judgment brief as provided by Local Civil Rule 16.3(c). In lieu of filing separate response briefs in each case, Federal Defendants may file one combined response brief to all three opening briefs, not to exceed 25,000 words. KCC may file one combined response brief to all three opening briefs, not to exceed 25,000 words.

---

[6] While not expressly provided for in the proposed case schedule, Plaintiffs reserve the right to file, if necessary, a motion to supplement or complete the administrative record.

4. **April 6, 2026** – Plaintiffs will file a reply as provided by Local Civil Rule 16.3(c).

This requested scheduling order will promote judicial efficiency and conserve scarce government resources by enabling the case to be resolved on the merits before construction is anticipated to begin and allowing the Federal Defendants' resources to be focused on matters that advance resolution of this dispute.

Respectfully submitted this 5th day of January 2026.

ADAM R.F. GUSTAFSON
United States Department of Justice
Environment and Natural Resources Div.
Principal Deputy Assistant Attorney General

/s/ Michael S. Sawyer
MICHAEL S. SAWYER (D.C. BAR NO. 1009040)
Senior Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-5134
Michael.Sawyer@usdoj.gov

*Attorneys for Federal Defendants*

/s/ James F. Clark
Alaska Bar Association No. 6907025
1109 C Street, Juneau, Alaska 99801
Cell Phone: (907) 723-6952
Email: jfclarkiii@gmail.com

*Attorney for Defendant KCC*

/s/Marlee Goska
Marlee Goska (Alaska Bar No. 2305043)
Rebecca Noblin (Alaska Bar No. 0611080)
Center for Biological Diversity
P.O. Box 1178
Homer, AK 99603
(907) 931-4775
(907) 350-4822
mgoska@biologicaldiversity.org
rnoblin@biologicaldiversity.org

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

      I hereby certify that on January 5, 2026, a copy of the foregoing notice was served by electronic means on all counsel of record by the Court's CM/ECF system.

                                  */s/ Michael S. Sawyer*
                                    Michael S. Sawyer