CORI MILLS
ACTING ATTORNEY GENERAL

Sean P. Lynch
Chief Assistant Attorney General
sean.lynch@alaska.gov
Alaska Bar No. 0710065

Sarah E. Angell
Assistant Attorney General
sarah.angell@alaska.gov
Alaska Bar No. 2411152

State of Alaska Department of Law
P.O. Box 110300
Juneau, Alaska 99811-0300
907-465-3600 phone
907-465-2417 fax

*Attorneys for the State of Alaska*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| NATIVE VILLAGE OF HOOPER BAY, NATIVE VILLAGE OF PAIMIUT, CHEVAK NATIVE VILLAGE, and CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **Case No. 3:25-cv-00316-SLG** |
| v. | ) ) | |
| DOUG BURGUM, et al. | ) ) | |
| Defendants, | ) ) | |
| STATE OF ALASKA | ) ) | |
| Intervenor-defendant. | ) | |

*Native Village of Hooper Bay et al. v. Burgum et al.*
No. 3:25-cv-00316-SLG                                                   Page **1** of **4**

**STATE OF ALASKA'S RESPONSE TO PLAINTIFFS' MOTION FOR A DECISION BY JULY 15, 2026.**

The State remains committed to providing the Plaintiffs with the negotiated and mutually agreed upon advance notice prior to any possible construction of the proposed road project. At this time, the State maintains that no new facts have emerged that could solidify the proposed road construction commencement date or that warrant an expedited decision by July 15, 2026.[1]

The State has made several commitments to the Plaintiffs to address their concerns regarding advance notice of any construction. First, as a condition of the Plaintiff's non-opposition to the State's Motion to Intervene, the State committed to providing the Plaintiffs a copy of the U.S. Army Corps of Engineers (the Corps) permitting decision upon receipt by the State.[2] The Corps permit, if issued, will be publicly available; so too will be any invitation to bid issued by the State to solicit contractors for the project. Second, in the original Parties' motion seeking leave of the obligation to file answers and proposed case management order, KCC committed to providing Plaintiffs 30-day notice

---

[1]  Although not formally labeled as such, Plaintiffs' motion functionally operates as a request for expedited consideration. Grounded in the principles of Local Rule 7.3(a), expedited consideration generally requires elevated standards for motion filing, such as including a declaration or affidavit showing good cause, which the Plaintiffs have failed to provide. D. Alaska Loc. Civ. R. 7.3(a). See also 9th Cir. R. 27-3 (establishing heightened requirements for motions seeking emergency consideration).

[2]  State of Alaska's Unopposed Mot. to Intervene at 2, ECF No. 14 (Feb. 3, 2026).

prior to any construction if DOT is not the constructing entity.[3] The State committed to compliance with the commitments in the original Parties' motion, and the State reaffirms the commitments.

The Plaintiffs' motion focuses on a post by the Alaska Department of Transportation and Public Facilities (AKDOT) that gives an anticipated advertising date for the King Cove to Cold Bay Road project. The AKDOT Construction Tentative Advertising Schedule merely serves as a courtesy notice informing contractors of possible work throughout the State so that they may better plan their future contract bidding preferences.[4] However, this tentative project advertisement list is, as it says, tentative; and should not be construed as providing any definitive timeline for construction.

When the proposed project is actually advertised, the State will directly notify the Plaintiffs. As noted by the Plaintiffs, the construction start date has repeatedly been delayed: initially pushed from April/early May 2026 to June 1 at the earliest and is now potentially postponed to August 2026. Consequently, the delays underscore that consideration by July 15, 2026, is not necessary, as the construction start date continues

---

[3] Defendants' Unopposed Mot. Seeking Leave of the Obligation to File an Answer and Contingent Joint M. to Adopt Proposed Case Management Order at 2 see footnotes 2-3, ECF No 9 (Jan. 5, 2026).
[4] Alaska Department of Transportation and Public Facilities Procurement and Contracting, Construction Tentative Advertising Schedule https://dot.alaska.gov/procurement/awp/tas.html (last accessed June 4, 2026).

*Native Village of Hooper Bay et al. v. Burgum et al.*
No. 3:25-cv-00316-SLG                                                    Page **3** of **4**

to be pushed back and remains tentative and conditional. The State cannot begin construction on the road until the Corps issues a Clean Water Act section 404 permit, and the Corps has not yet issued the permit. Therefore, the State cannot provide the Plaintiffs with any more definitive information—because the State does not have any new information to give.

The simple fact is that without a Corps permit, no construction can occur, and any possible construction commencement date will remain speculative until the Corps issues a decision on the State's permit application. There is simply no new information that would justify hastening this Court's process and decision.

For the aforementioned reasons, the State sees no factual basis for supporting the Plaintiffs' motion.

CORI MILLS
ACTING ATTORNEY GENERAL

By: */s/ Sarah E. Angell*
    Sarah E. Angell
    Assistant Attorney General
    Alaska Bar No. 2411152

DATED: June 4, 2026.